# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| AURELIA WILLIAMS, | ) | |
|---|---|---|
| PLAINTIFF, | ) | |
| V. | ) | CASE NO: 14-03118 |
| RESURGENT CAPITAL SERVICES, LP, | ) | |
| DEFENDANT. | ) | |

## DEFENDANTS RESURGENT CAPITAL SERVICES, LP'S MOTION TO DISMISS

**COMES NOW**, Defendant Resurgent Capital Services, LP (hereinafter "Resurgent"), by and through undersigned counsel, and respectfully moves this Honorable Court to dismiss Plaintiff Aurelia Williams' (hereinafter "Ms. Williams") lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as Ms. Williams' claim is time-barred by the applicable statute of limitations. As support, Defendant shows unto this Court as follows:

## SUMMARY OF ARGUMENT

Ms. Williams filed suit against Defendant for alleged violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") and the Bankruptcy Code for filing a proof of claim on a time-barred debt. Ms. Williams filed bankruptcy on April 22, 2010, and Defendant filed a proof of claim in its capacity as representative of LVNV Funding, LLC on May 6, 2010. Ms. Williams now alleges the proof of claim Defendant filed was for an out-of-statute debt. However, Ms. Williams did not file this adversary proceeding until October 7, **2014**.

Under 15 U.S.C §1692k(d), violations of the FDCPA must be brought "within one year from the date on which the violation occurs." *See* 15 U.S.C §1692k(d). Because Defendant filed

1

its proof of claim on May 6, 2010, Plaintiff had until May 6, 2011, to bring her FDCPA claims. This adversarial proceeding was filed over four years after the alleged violation. Therefore, Plaintiff's claims under the FDCPA are themselves time-barred.

Plaintiff also claims that filing a time-debt barred violates the bankruptcy claims process. This is simply untrue. Under §502(a) of the Bankruptcy Code, proof of claims filed under §501 are deemed allowed unless a party in interest objects to the claim. *See* 11 U.S.C. §502(a). The proof of claim Defendant filed on May 6, 2010 adheres to §501 of the Bankruptcy Code. Therefore, Defendant followed existing rules in the Bankruptcy Code when it filed its proof of claim; hence, no abuse of process exists. As such, Plaintiff's abuse of process allegations are due to be dismissed.

Because Plaintiff has failed to state a claim upon which relief can be granted, Resurgent respectfully request this Honorable Court grant Defendant's Motion to Dismiss.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Plaintiff filed for Chapter 13 bankruptcy on April 22, 2010. (*See* Plaintiff's Chapter 13 Bankruptcy Dkt., Doc. 1).

2. On May 6, 2010, Resurgent, acting as agent of LVNV Funding, LLC, filed Proof of Claim 3. (Exhibit A, Claims Registry Entry 3-1).

3. On October 7, 2014, Plaintiff filed the instant adversary proceeding. In it, Plaintiff alleges Defendant violated the 15 U.S.C. § 1692 e – f of the FDCPA and for allegedly abusing the bankruptcy process for filing a proof of claim on a time-barred debt. *(See* Plaintiff's Complaint).

**STANDARD OF REVIEW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the court accepts the plaintiff's allegations as true." *Kaiser v. Trofholz Technologies, Inc.*, 935 F.Supp.2d 1286, 1289 (M.D. Ala. 2013) (quotation omitted). "To survive a Rule 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)." *Id.* "Granting a motion to dismiss is appropriate only when it is demonstrated beyond a doubt the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Id.* (quotation omitted) (modifications in original).

Generally, if matters outside the complaint are presented to a court with a Rule 12(b)(6) motion and the court does not exclude such matters, the motion is supposed to be treated as a Rule 56 motion for summary judgment. Fed.R.Civ.P. 12(d). However, the Eleventh Circuit Court of Appeals has held that a court may judicially notice and consider public records outside the complaint without converting the Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999). A court may take judicial notice of proceedings in another court for the purposes of recognizing a judicial act was taken or "the subject matter of the litigation and related filings." *In re Delta Resources, Inc.*, 54 F.3d 722 (11th Cir. 1995) (quotation omitted).

**ARGUMENT**

**I.   PLAINTIFF'S FDCPA CLAIM IS DUE TO BE DISMISSED AS IT WAS FILED MORE THAN ONE-YEAR AFTER THE PROOF OF CLAIM WAS FILED.**

A plaintiff must bring an action for an alleged FDCPA violation "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) ("Section 1692k(d) provides that actions to enforce liability

created by the FDCPA must be brought 'within one year from the date on which the violation occurs.'"). Although the Eleventh Circuit has not addressed the issue of when the statute of limitations begins to run for an alleged FDCPA violation based on the filing of a proof of claim in bankruptcy, other courts have routinely held the statute of limitations begins to run when the proof of claim is filed. *See, e.g.*, *In re Simmerman*, 463 B.R. 47, 65 (Bankr. S.D. Ohio 2011) ("In the Simmermans' complaint, the most recent act alleged to violate the FCPA is the filing of an amended proof of claim in the current bankruptcy case . . . . Because the allegations in the Simmermans' complaint do not demonstrate that Ocwen engaged in improper conduct within the one year window of the FDCPA's statute of limitations, the court concludes that the FDCPA cause of action is time-barred and, therefore, dismissed."); *see also Kline v. Mortgage Electronic Sec. Systems*, 659 F.Supp.2d 940, 952 (S.D. Ohio 2009) ("Applying *Purnell* to the present litigation, this Court concludes that the Rosses' claim under the FDCPA against LS & R, predicated upon the proof of claim filed in their case under Chapter 13, must be dismissed as barred by the statute of limitations, since the proof of claim was filed more than one year before this litigation was initiated."); *In re Rice-Etherly*, 336 B.R. 308, 313 (Bankr. E.D. Mich. 2006) ("The Proof of Claim at issue in this case was filed on February 28, 2002. Plaintiff's adversary complaint was filed on September 22, 2005, more than three years after the Proof of Claim was filed and well outside the one year window provided by the statute.").

In the present case, it is clear that Plaintiff did not timely file her FDCPA claim against Defendant. Defendant filed the Proof of Claim on May 6, 2010. Therefore, Plaintiff was required to file the instant adversary proceeding by May 6, 2011. *See* 15 U.S.C. § 1692k(d); *Maloy*, 64 F.3d at 608; *In re Simmerman*, 463 B.R. at 65; *Kline*, 659 F.Supp.2d at 952; *In re Rice-Etherly*, 336 B.R. at 313. Plaintiff did not file this adversary proceeding until October 7,

4

2014 – over 4 years after the statute of limitations expired. Because Plaintiff did not file her adversary proceeding within the applicable statute of limitations, her FDCPA claims against Defendant are due to be dismissed.

## II. PLAINTIFF'S ABUSE OF PROCESS CLAIM IS DUE TO BE DISMISSED AS THE BANKRUPTCY CODE DOES NOT PROHIBIT THE FILING OF TIME-BARRED DEBT.

Defendant did not abuse the bankruptcy process because the Bankruptcy Code permits creditors to file claims for time – barred debts. To sustain an abuse of process claim, Plaintiff must show that Defendant's actions meet the following elements: "1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice." *M & F Bank v. First American Title Ins. Co.*, 144 So.3d 222, 233 (Ala. 2013). Pursuant to §502(a) of the Bankruptcy Code, proof of claims filed under §501 are deemed allowed unless a party in interest objects to the claim. *See* 11 U.S.C. §502(a). Specifically, §501 of the Bankruptcy Code explains:

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.
(d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the filing of the petition.
(e) A claim arising from the liability of a debtor for fuel use tax assessed consistent with the requirements of section 31705 of title 49 may be filed by the base jurisdiction designated pursuant to the International Fuel Tax Agreement (as defined in section 31701 of title 49) and, if so filed, shall be allowed as a single claim.

11 U.S.C. §501. In adherence to §501(a) of the Bankruptcy Code, Defendant filed its proof of claim on May 6, 2010. *See* Plaintiff's Complaint.

5

Section 502 of the Bankruptcy Code explains the claim-objection process that the debtor can utilize to remove the out-of-statute claims from the claims register. *See* 11 U.S.C. §502. The debtor has the burden to object to the proof of claim. *See id.* The Bankruptcy Code states that a "claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law [i.e. statute of limitations] for a reason other than because such claim is contingent or unmatured". *See* 11 U.S.C. §502(b)(1). On September 22, 2014, Plaintiff filed an objection to Defendant's claim under the statute of limitations defense. *See* Exhibit A. However, even though a party in interest may object to the out-of-statute debt under a statute of limitations defense, this does not extinguish the debt. *See, e.g.*, *In re Varona*, 388 B.R. 705, 722 (Bankr. E.D. Va. 2008); *Martsolf v. JBC Legal Group PC*, 2008 U.S. Dist. LEXIS 6876 (M.D. Pa. Jan. 30, 2008); *In re Andrews*, 394 B.R. 384 (Bankr. E.D.N.C. 2008). Instead, it is an affirmative defense that prevents <u>enforcement</u> of the debt. *See id.*

Because the claim-objection process is in place, the Bankruptcy Court of the Northern District of Alabama explained that "[t]he claims allowance process of the Bankruptcy Code contemplates that time-barred claims may be filed and [the claims allowance process] expressly preserves the statute of limitations as a defense and a ground for disallowance of the claim." *In re Simpson*, 2008 Bankr. LEXIS 2457, *6-7 (Bankr. N.D. Ala. 2008). It is evident the Plaintiff cannot assert an abuse of process action against Defendant when the Bankruptcy Code specifically permits the filling of time-barred claims, and Defendant filed its claim as the existing rules allow. *Id.*; *see also In re Andrews*, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008) (denying debtor's request for sanctions for having to object to creditor's filing of a time-barred debt because the creditors had followed the existing rules). Therefore, like its claim under the

6

FDCPA, Plaintiff's allegations of abuse of process does not state a claim upon which relief can be granted and is due to be dismissed. *Id., see also* Fed.R.Civ.P.§12(b)(6). [1]

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests this Court to grant Defendant's Motion to Dismiss under Federal Rules of Civil Procedure §12(b)(6) as Plaintiff failed to state a claim upon which relief can be granted.

Respectfully Submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
*Attorney for Resurgent Capital Services, LP*

**OF COUNSEL:**

FERGUSON, FROST, MOORE & YOUNG, LLP
Post Office Box 430189
Birmingham, Alabama 35243-0189
(205) 879-8722 phone
(205) 879-8831 fax

---

[1] Plaintiff relies on *Crawford v. LVNV*, 758 F.3d 1254 (11th Cir. 2014) to argue time-barred claims cannot be filed. However, as wrongly reasoned as *Crawford* is, it nevertheless got one thing right: nowhere does it say filing a time-barred proof of claim runs afoul of bankruptcy procedure. It merely finds the filing of a time-barred proof of claim as enough to survive a Rule 12 challenge for an FDCPA claim. In this case, however, Plaintiff's claims against Defendant are themselves time-barred under the FDCPA. *See* 15 U.S.C. §1692k(d).

7

Case 14-03118    Doc 5    Filed 11/04/14    Entered 11/04/14 10:56:18    Desc Main
                         Document      Page 7 of 8

# CERTIFICATE OF SERVICE

This is to certify that on this the 4th day of November, 2014, a copy of the foregoing document has been served upon counsel for all parties to this proceeding by the following method:

    [   ]      mailing the same by first-class United States mail, properly addressed and postage pre-paid

    [   ]      hand delivery

    [   ]      via facsimile

    [ X ]      via E-file

Richard D. Shinbaum  
Shinbaum & Campbell, P.C.  
566 South Perry Street  
P.O. Box 201  
Montgomery, Alabama 36101

                                                 /s/ Neal D. Moore, III  
                                                 OF COUNSEL